IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNON COOKS, JR, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-02054-L (BT) |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Vernon Cooks, Jr., a federal prisoner, filed a *pro se* petition
for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons,
the Court should dismiss the petition.

I.

Cooks argues the Bureau of Prisons (BOP) failed to properly calculate
his time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132
Stat. 5194 (2018). The First Step Act allows 54 days of good-time credits per
year, instead of the previous maximum of 47 days per year. Cooks asks the
Court to order the BOP to re-compute his sentence under the First Step Act
and also consider him for six months of halfway house placement, and twelve
months of home confinement.  On November 19, 2019, the government filed
a response in which it argues the petition should be dismissed because Cooks

1

failed to exhaust his administrative remedies. The government also states

that the BOP has now recalculated Cooks's time credits under the First Step

Act. (ECF No. 8 at 5.) Consequently, Cooks's time credit claims may be moot.

Finally, the government argues the Court lacks authority to order the Cooks's

release to a halfway house or home confinement. Cooks did not file a reply.

Thus, the matter is fully-briefed and ripe for determination.

II.

**1.     To the extent Cooks's time credit claims are not moot, they must be dismissed because Cooks failed to exhaust his administrative remedies.**

Generally, petitioners seeking relief under § 2241 must exhaust their

administrative remedies prior to presenting their claims in federal court.

*Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The BOP has established an

Administrative Remedy Program whereby inmates can "seek formal review

of an issue which relates to any aspect of his/her own confinement." 28

C.F.R. § 542.10(a). A prisoner must present his claim to the prison warden

and appeal any adverse decision to the BOP Regional Director and General

Counsel. *Id.* § 542.15(a). Exceptions to the exhaustion requirement apply

only in "extraordinary circumstances" when administrative remedies are

unavailable or wholly inappropriate to the relief sought, or where the attempt

2

to exhaust such remedies would itself be a patently futile course of action."
*Fuller,* 11 F.3d at 62.

Here, Cooks has not alleged that he exhausted his administrative remedies, or that exhaustion would be futile. His claims should therefore be dismissed for failure to exhaust administrative remedies.

**2.    Cooks is not entitled to an order that BOP consider him for placement in a halfway house or home confinement.**

Cooks seeks an order that the BOP consider him for six months of halfway house placement, and twelve months of home confinement. The decision whether to place an inmate in a residential reentry center (RRC) or home confinement is committed to the BOP under statutory authority. *See, e.g., Meade v. Maiorana,* No. 2:14-CV-656, 2015 WL 1731274, at *2-*3 (W.D. La. Apr. 14, 2015) (noting that Section 3624(c) "does not automatically entitle an inmate to placement in an RRC . . . . [T]he statute simply directs the BOP to consider placing an inmate in an RRC for up to a 12-month period." (citation omitted)); *Ioane v. Merlak,* 1:19-cv-1251-JLT-HC, 2019 WL 5699098 (E.D. Cal. Sept. 30, 2019) ("[T]he determination whether an inmate is eligible [for home confinement] is within the discretion of the BOP." (citations omitted)).

The First Step Act did not alter the BOP's statutory authority to determine when, or if, a petitioner is placed in a RRC or on home

confinement. *See, e.g., United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief." (emphasis in original)); *Brown v. Underwood*, 3:19-1706-B-BN, 2019 WL 5580106 *2 (N.D. Tex. Aug. 22, 2019) (same). This claim should therefore be dismissed.

## II.

For the foregoing reasons, the Court recommends that the petition be dismissed.

Signed February 19, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).