# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| VERNON COOKS, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:19-CV-2054-L** |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## ORDER

The Findings, Conclusions, and Recommendation of the United Stated Magistrate Judge ("Report") (Doc. 10) was entered on February 19, 2020, recommending that the court deny Petitioner Vernon Cooks, Jr.'s ("Petitioner") Motion to Compel the Bureau of Prisons ("BOP") to Recalculate Petitioner's Statutory Good Time Credits (Doc. 4),[1] requesting that the court mandate the BOP to (1) recalculate his good time credit; (2) consider placing him in a halfway house for six months; and (3) consider giving him twelve months of home confinement detention. In the Report, the Magistrate Judge determined that Petitioner's Motion should be denied as (1) Petitioner did not exhaust his administrative remedies; and (2) the court does not have authority to grant the requested relief, as such authority is vested in the BOP by statute. No objections to the Report were filed.

Having reviewed the Motion, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Motion to Compel the Bureau of Prisons to Recalculate his Statutory Good Time Credits (Doc. 4), and **dismisses with prejudice** this action.

---
[1] Petitioner's Motion is treated as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

**Order – Page 1**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP") on appeal, unless he has been granted IFP status by the district court.

**It is so ordered** this 16th of March, 2020.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.